# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KRISTY G. GOSWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0092-WS-B |
| | ) |
| GRAND OAKS APARTMENTS, LTD., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The complaint was filed February 23, 2018. (Doc. 1). The plaintiff has procured four summonses, (Docs. 3, 6, 11, 13), but she has not perfected service on the defendant. The Court accordingly ordered the plaintiff to show cause why this action should not be dismissed without prejudice pursuant to Rule 4(m). (Doc. 14). The plaintiff has filed a response. (Doc. 15). She has also filed a "motion for order effectuating notice of service." (Doc. 16).

The complaint describes the defendant as a Florida limited partnership. (Doc. 1 at 2). The plaintiff first attempted service, in February 2018, by certified mail on the entity identified with the Alabama Secretary of State as the defendant's registered agent, at the address provided the Secretary of State. (Doc. 15 at 1). This mailing was returned to the plaintiff with the notation, "insufficient address, unable to forward." (Doc. 8-1).

The plaintiff promptly obtained alias summons, in March 2018, addressed to the defendant directly, at the address of the apartment complex. (Doc. 6). The plaintiff attempted service by certified mail, and the mailing was signed for by Cheryl McCaw, with a checked box indicating she is an "agent" of the addressee. (Doc. 7 at 2). The plaintiff sought entry of default, but the Court denied such relief on the grounds the plaintiff had failed to show that McCaw was an officer, a

partner, a managing agent, a general agent, an agent appointed by the defendant to receive service of process on its behalf, or an agent authorized by law for such a purpose. (Doc. 9).[1]

Promptly after her request for entry of default was denied, the plaintiff in June 2018 identified a general partner of the defendant from the Secretary of State's records and also identified the registered agent of that general partner (a different registered agent than the defendant's registered agent). The plaintiff in July 2018 obtained a second alias summons, addressed to the defendant c/o the general partner's registered agent. (Doc. 10). The plaintiff does not state how she attempted to serve process, but she states she "has never received any response or reply to this delivery." (Doc. 15 at 3).[2]

In September 2018, the plaintiff discovered from the Secretary of State that the defendant's registered agent had changed its address from Montgomery, Alabama to Reynoldsburg, Ohio. The plaintiff obtained a third alias summons and sent it to the address by certified mail. (Doc. 13; Doc. 15 at 3). She has received no response, presumably because the registered agent had resigned in August 2018. (Doc. 15-3).

---

[1] Certified mail is effective as service on an artificial entity only if made in accordance with state law. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). State law requires that service be on such an individual or entity. Ala. R. Civ. P. 4(c)(6), 4(i)(2). The plaintiff offered no evidence or argument that McCaw falls within any of these categories; for all that appears, McCaw is a clerical employee who simply retrieves mail from the post office.

State law also requires that "the addressee shall be a person" falling in one of the categories listed above. *Id*. Rule 4(i)(2)(B)(i). Because the mailing was not addressed to McCaw or to any other individual, (Doc. 7 at 2), the attempted service was ineffective for this additional reason.

[2] The failure of response is unsurprising, since the summons was addressed to the defendant rather than to the defendant's general partner, and the registered agent for the general partner was not the registered agent for the defendant and so could not properly have accepted service as addressed.

"If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because the complaint was filed over 200 days ago, this provision is triggered. Without addressing Rule 4(m) or the analysis required under that rule, the plaintiff requests additional time within which to effectuate service. (Doc. 15 at 4).

"[I] the plaintiff shows good cause for the failure [of service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). In particular, "inadvertence of [the] attorney" does not constitute good cause. *Anderson v. Iron Will, Inc.*, 2008 WL 2157145 at *2 (S.D. Ala. 2008) (internal quotes omitted).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the re-filing of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

The plaintiff has attempted service four times, but the second and third attempts were marred by errors that prevented good service. The Court need not decide whether the plaintiff has nonetheless shown good cause, because it concludes that she should in any event be given additional time within which to perfect service. The Court especially notes in this regard the defendant's failure to maintain current information regarding its registered agent with the Secretary of State, with the result that the plaintiff first attempted service at an incorrect

address and then, after the correct address was belatedly provided to the Secretary of State, attempted service on a registered agent that had by that late date resigned. Nor has the defendant identified to the Secretary of State any successor registered agent. Whether or not the defendant is by these means evading service within the contemplation of *Horenkamp*, it plainly shares responsibility for the plaintiff's failure thus far to obtain good service.[3]

For the reasons set forth above, and pursuant to Rule 4(m), the plaintiff is **ordered** to effect service, and to file proof of same, on or before **December 17, 2018**.

The plaintiff plans to attempt service of process by leaving a copy of the summons and complaint at the defendant's business with a person of suitable age and discretion. (Doc. 15 at 4-5). The plaintiff recognizes that the person with whom process is left may not be an officer, partner or appropriate agent of the defendant, and she therefore moves the Court to issue a notice to the recipient directing him or her to deliver process to such a person. (Docs. 16, 16-1).

The plaintiff offers no argument or authority for the proposition that the Court should, or even may, involve itself in service efforts in such a manner. Nor does she explain how she can make good service on an artificial entity by this means. It is true, as she notes, that such service can be had "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). It is also true, as she notes, that Rule 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction" of the forum state. While Rule 4(h)(1)(A) thus permits service on an artificial entity to made in accordance with state law, it does not purport to permit service on an artificial entity to be made as if the artificial entity were an individual (unless state law so allows). If the plaintiff believes otherwise, and if she insists on pursuing

---

[3] The Court also notes that the second alias summons was not issued for six weeks after the plaintiff filed the proposed summons. (Docs. 10-11).

4

service in this manner, she is advised to be prepared to support her position with clear legal authority.

For the reasons set forth above, the plaintiff's motion for order effectuating notice of service is **denied**.

DONE and ORDERED this 17th day of October, 2018.

<pre>
                              s/ WILLIAM H. STEELE
                              UNITED STATES DISTRICT JUDGE
</pre>